IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CASH EDWARD ZAWATSKI, )
)
    Plaintiff, )
)
  v. ) Civil Action No. 16-288-E
)
CAROLYN W. COLVIN, ACTING )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

O R D E R

AND NOW, this 27th day of March, 2018, upon consideration of the parties' cross motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for Disability Insurance Benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred in failing to properly account for the effects of his exposure to microwaves in formulating his residual functional

1

capacity ("RFC") and in fashioning a hypothetical question for the vocational expert ("VE"). He appears to allege that the ALJ's inaccurate findings stemmed from the insufficient weight given to the opinions of his treating physicians and to his own subjective complaints. The Court finds no merit in these contentions, and instead finds that substantial evidence supports the ALJ's finding that Plaintiff is not disabled.

Plaintiff argues that the ALJ erred in not giving enough weight to the opinions of his treating physicians, V. Rao Nadella, M.D., and James Barke, M.D., and too much to those of the consultative examiners, Michael Rosenberg, M.D., and Rebecca Billings, Ph.D. Although, in general, "the opinions of a doctor who has never examined a patient have less probative force as a general matter, than they would have had if the doctor had treated or examined him," Morales v. Apfel, 225 F.3d 310, 320 (3d Cir. 2000) (internal quotations omitted), where "the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit." Id. at 317. See also Dula v. Barnhardt, 129 Fed. Appx. 715, 718-19 (3d Cir. 2005). It is also important to remember that:

> The ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations. Although treating and examining physician opinions often deserve more weight than the opinions of doctors who review records, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity[.]" Brown v. Astrue, 649 F.3d 193, 197 n. 2 (3d Cir.2011). State agent opinions merit significant consideration as well.

Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (internal citations omitted in part). Here, the ALJ included in his decision a substantial discussion as to why he gave the weight he did to the various medical opinions and as to how he formulated Plaintiff's RFC.

In regard to Dr. Nadella's opinions as to Plaintiff's work-related limitations, the ALJ explained at significant length why he gave the opinions little weight. He explained that Dr. Nadella's opinions that Plaintiff could not work and that his medications would likely severely impair his ability to concentrate and attend work were not supported by objective medical findings, including his own, and, in fact, were inconsistent with his own clinical findings that Plaintiff complained of no side effects from the use of his medications. (R. 17, 22-23). See Hoyman v. Colvin, 606 Fed. Appx. 678, 680 (3d Cir. 2015) (inconsistency between a physician's opinion and his or her own treatment notes can support the ALJ's decision to afford less weight to the opinion). As to Dr. Barke's opinion that Plaintiff was disabled as a result of microwave exposure, the ALJ provided a great deal of explication as to why he assigned no weight to this opinion. The ALJ pointed out that Dr. Barke's opinion was conclusory and vague as to how microwave exposure had impacted Plaintiff's condition specifically. (R. 21, 23). Indeed, Dr. Barke himself admitted that it was difficult to correlate Plaintiff's symptoms with exposure to microwaves. (R. 21, 1061). The ALJ also discussed how Dr. Barke relied heavily and uncritically on Plaintiff's subjective report of symptoms and limitations (statements the ALJ

2

ultimately found to lack credibility). (R. 21). See Dixon v. Comm'r of Soc. Sec., 183 Fed. Appx. 248, 252 (3d Cir. 2006). He further explained that what clinical findings Dr. Barke did make were inconsistent with the record evidence as a whole, specifically noting that Dr. Barke's finding that Plaintiff displayed an antalgic gait at his March 25, 2014 examination was inconsistent with Dr. Nadella's records from just a short time later stating that Plaintiff displayed normal gait for his age. (R. 23, 1067, 1134). See also (R. 22, 1072) (noting that Dr. Rosenberg also found that Plaintiff had a normal gait in October of 2014). The ALJ therefore thoroughly discussed why he was affording the weight that he did to the rather non-specific opinions of Drs. Nadella and Barke.

Although Plaintiff complains that the ALJ over-relied on the opinions of the consultative examiners, the ALJ actually only afforded some weight to the opinions of Drs. Rosenberg and Billings. (R. 23). Plaintiff argues that even this was too much weight, especially in light of his claim that they were under the impression he had been electrocuted rather than exposed to microwaves. However, as Plaintiff is well aware, the ALJ addressed this issue, finding it likely that Plaintiff himself had given this allegedly inaccurate information to the consulting physicians. (R. 22). As the ALJ pointed out, not only did both consulting professionals note that Plaintiff claimed to have been electrocuted, this supposedly incorrect diagnosis of electrocution was contained elsewhere in the record as well. (R. 1071, 1087, 1106). Regardless, the issue is ultimately not what caused Plaintiff's work-related impairments and limitations, but what those impairments and limitations were. Drs. Rosenberg and Billings did not purport to opine on anything other than Plaintiff's actual restrictions, regardless of the cause.

Plaintiff appears to argue that the incorrect assumption of the consulting professionals that he had been electrocuted also impacted the ALJ's reliance on these reports in dismissing Plaintiff's subjective complaints. Indeed, he appears in general to assert that the ALJ was wrong in not crediting his own testimony about the severity of his symptoms from microwave exposure. When an ALJ has articulated reasons supporting a credibility determination, that determination is afforded significant deference. See Horodenski v. Comm'r of Soc. Sec., 215 Fed. Appx. 183, 188-89 (3d Cir. 2007); Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003). The Court finds that the record more than supports such deference here.

The ALJ not only explained at great length how the objective medical findings of record and Plaintiff's activities of daily living did not support Plaintiff's subjective complaints, he also noted specific examples in the record calling into question Plaintiff's credibility generally. He noted that Dr. Billings not only questioned the sincerity of Plaintiff's efforts during her examination of him, but that Plaintiff even seemed to be smug about it. (R. 16, 1086-91). The ALJ pointed out that Dr. Rosenberg had similar concerns about Plaintiff's credibility. (R. 22, 23, 1071-74). He further noted that one of Plaintiff's treating physicians, Hairong Peng, M.D., had notated in his records that he had been asked by Plaintiff to sign a letter stating that Plaintiff had been subjected to microwave radiation and that he was taking high doses of opiate medication, but that he refused to do so. (R. 23, 1171). Moreover, the ALJ discussed that, when the microwave exposure first happened, one of Plaintiff's primary interests was to have the event "legally documented." (R. 20, 758). While Plaintiff may have a different interpretation as to the

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 15) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 19) is GRANTED.

s/ Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

impact of this evidence on his credibility, there is no question that there was sufficient information in the record for the ALJ to have made the findings that he did as to credibility.

Plaintiff relies on the fact that the ALJ cited to these portions of the record in finding him to be not fully credible in arguing that the ALJ was biased against him. He also alleges that this bias was demonstrated through the ALJ's conduct at the hearing, particularly in regard to some evidentiary issues. However, as discussed above, the ALJ accurately cited to the portions of the record on which he relied in ruling on Plaintiff's credibility, and his consideration was reasonable and supported by substantial evidence. As to Plaintiff's contention that a few evidentiary disputes at the hearing demonstrated the ALJ's bias, the Court notes that these exchanges were unremarkable and further notes that Plaintiff in no way suggests what evidence, if any, he was precluded from entering into the record. Indeed, three separate administrative hearings were held in this case after the initial remand from the Appeals Council, demonstrating that, if anything, the ALJs were particularly generous in providing Plaintiff with the time and means to prove his case. These facts simply fall short of a situation in which a claimant has been deprived of a fair hearing or exposed to bias or animus on the part of the ALJ. See Bordes v. Comm'r of Soc. Sec., 235 Fed. Appx. 853, 857-58 (3d Cir. 2007).

Accordingly, for the reasons set forth herein, the Court affirms.